UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D2, ANTOINE MAHONEY,

    Defendant.
_____/

Case No. 16-cr-20055-2
Hon. Matthew F. Leitman

**ORDER DENYING DEFENDANT'S MOTION**
**FOR COMPASSIONATE RELEASE (ECF No. 97)**

On February 13, 2018, this Court sentenced Defendant Antoine Mahoney to 115 months in prison for two counts of Hobbs Act armed robberies. (*See* Judgment, ECF No. 63.) Mahoney had committed armed robberies of two pharmacies. The evidence also indicated that Mahoney had, in at least one of these robberies, brandished and discharged a gun while fleeing. Mahoney was also implicated in additional robberies beyond those for which he was convicted and had a lengthy history of criminal offenses and convictions.

Mahoney has now moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 97.) The Court thereafter appointed counsel for Mahoney. (*See* Order, ECF No. 98.) The government opposed Mahoney's motion. (*See* Resp., ECF No. 102.) Mahoney later filed a *pro se* reply brief (*see*

1

Reply, ECF No. 106), while his appointed counsel subsequently filed a supplemental brief on Mahoney's behalf (*see* Supp. Br., ECF No. 107).

The United States Court of Appeals for the Sixth Circuit has recently explained the standard governing motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) as follows:

> As relevant here, § 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence only if it finds that the defendant satisfies three requirements: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the relevant § 3553(a) factors support the reduction.

*United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The Court declines to grant Mahoney's motion because it does not find that the third prerequisite to compassionate release – that the § 3553(a) factors support compassionate release in this case – is met.[1] This Court originally made an assessment with respect to these factors when it imposed Mahoney's sentence. After

---

[1] The Court does not mean to suggest that it finds Mahoney has satisfied the other prerequisites to relief under § 3582(c)(1)(A). The Court is simply not reaching those issues as it finds relief is not warranted under the third prerequisite, as explained above.

reviewing the § 3553(a) factors, the Court concluded that they weighed heavily in favor of imposing Mahoney's sentence of 115 months. Most relevantly, the Court noted the seriousness of the crimes for which Mahoney was convicted and sentenced. Mahoney was sentenced for the commission of two armed robberies of pharmacies. In at least one of those robberies, Mahoney had brandished and discharged a gun. The Court concluded that these were very dangerous crimes that had traumatized and threatened others. The Court also noted that Mahoney had a lengthy criminal history and was implicated in other armed robberies. Finally, the Court noted that repeated convictions in the past had not deterred him from committing the instant crimes, which it concluded warranted the substantial sentence imposed in this case.

The Court's initial assessment of the § 3553(a) factors at sentencing is "presume[d]" to be "an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). In light of the Court's initial conclusion that those factors warranted the sentence-as-imposed, it is Mahoney's burden to "make a compelling case as to why the [Court's] § 3553(a) analysis would be different if conducted today." *Id.*

The Court is not persuaded that Mahoney has met this burden. The Court notes that Mahoney appears to have made numerous positive strides while incarcerated. Such strides are commendable. However, Mahoney has not convinced

the Court that its assessment of the § 3553(a) factors – particularly given the seriousness of Mahoney's offenses, his criminal history, and the need to afford adequate deterrence – would be different if the Court conducted its assessment today.

Accordingly, Mahoney's motion for compassionate release (ECF No. 97) is **DENIED**.

    **IT IS SO ORDERED.**

                      s/Matthew F. Leitman
                      MATTHEW F. LEITMAN
                      UNITED STATES DISTRICT JUDGE

Dated: January 13, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2022, by electronic means and/or ordinary mail.

                      s/Holly A. Ryan
                      Case Manager
                      (810) 341-9761